IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIE C. DAVIS**                                                                             **PLAINTIFF**

**VS.**                  **CASE NO. 4:07CV01147 JMM**

**ROSIE COLLIER HARRISON**                                **DEFENDANT**

**ROSIE COLLIER HARRISON**                                **PETITIONER**

**VS.**

**WILLIE C. DAVIS, ET AL.**                                       **RESPONDENTS**

**ORDER**

Defendant/Petitioner, *pro se,* seeks pursuant to 28 U.S.C. § 1441 and § 1446 to remove Case No. CN 94-6496 from the Circuit Court of Pulaski County and to add counter-claims and defenses based upon alleged violations of her constitutional rights under 42 [sic] U.S.C. §§ 1345, 1331, and 1330 and the American with Disabilities Act.  Defendant/Petitioner also seeks leave to proceed *in forma pauperis*.

Initially the Court must make a determination that the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a) to proceed *in forma pauperis*.  Because it appears that plaintiff's economic situation qualifies her such status, the Court hereby grants plaintiff's application to so proceed (#1).

Because this is an attempt to remove a state court complaint, the Court must determine if it has jurisdiction. The Court finds that it does not because (1) the removal was untimely as the underlying case was initially filed in 1994; (2) a defense or counterclaim raising federal issues cannot serve as a basis for federal question jurisdiction; and (3) diversity jurisdiction is lacking as all the parties are citizens of Arkansas. *See* 28 U.S.C. § § 1331, 1332, 1441, and 1446(b); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,*, 535 U.S. 826, 830-32 (2002) ("[A] counter-claim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); *Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807 (8th Cir. 2005) (counterclaims cannot serve as the basis for Federal Circuit jurisdiction).

All pending motions are to be dismissed as moot and the Clerk of the Court is directed to close the case and make the appropriate entries to remand Case No. CN 94-6496 back to Pulaski County Circuit Court forthwith.

IT IS SO ORDERED this   29   day of November, 2007.

*[signature]*
James M. Moody
United States District Court